# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RANDA L. ROHRBAUGH,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1067**  (BOR Appeal No. 2046974)
                        (Claim No. 2010126249)

**AMERICAN WOODMARK CORPORATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Randa L. Rohrbaugh, by Robert Williams, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. American Woodmark Corporation, by Marion Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 15, 2012, in which the Board affirmed a February 16, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 18, 2011, decision closing Ms. Rohrbaugh's claim for vocational rehabilitation benefits. The Office of Judges also affirmed the claims administrator's March 17, 2011, decision closing Ms. Rohrbaugh's claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Rohrbaugh was injured on February 15, 2010, while reaching for and pulling components utilized in the construction of cabinetry. The claim was held compensable for other sprain/strain, sprain/strain of the thoracic region, herniated cervical intervertebral disc, and cervical post-laminectomy syndrome. On January 18, 2011, Erin Parrill, P.T., performed a functional capacity evaluation and determined that Ms. Rohrbaugh is capable of working at the

light physical demand level. On January 25, 2011, Rakesh Wahi, M.D., performed an independent medical evaluation and determined that Ms. Rohrbaugh has reached maximum medical improvement and can return to a job that does not require heavy lifting or turning her head. On February 18, 2011, the claims administrator closed the claim for vocational rehabilitation services based on Dr. Wahi's evaluation. On March 17, 2011, the claims administrator closed the claim for temporary total disability benefits. In an October 4, 2011, deposition Bernard Stopak, M.D., Ms. Rohrbaugh's treating physician, testified that he disagrees with Dr. Wahi's finding that Ms. Rohrbaugh has reached maximum medical improvement, and testified that she remains unable to return to work.

In its Order affirming the claims administrator's February 18, 2011, and March 17, 2011, decisions the Office of Judges held that a preponderance of the evidence shows that the claim was properly closed for vocational rehabilitation benefits and temporary total disability benefits. Ms. Rohrbaugh appeals only the March 17, 2011, closure of the claim for temporary total disability benefits and asserts, per the opinion of Dr. Stopak, that she has not reached maximum medical improvement and therefore is entitled to a continuation of temporary total disability benefits.

West Virginia Code § 23-4-7a (2005) states that temporary total disability benefits are not paid after a claimant has reached maximum medical improvement, is released to return to work, or actually returns to work, whichever occurs first. The Office of Judges found that Ms. Rohrbaugh's temporary total disability benefits were properly suspended because Dr. Wahi determined that Ms. Rohrbaugh reached maximum medical improvement on January 25, 2011. The Board of Review reached the same reasoned conclusion on August 15, 2012. We agree with the reasoning and conclusion of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman